IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES MELVIN (24205), | ) |
| Plaintiff, | ) |
| v. | ) Case No. 17-cv-5943 |
| SHERIFF DONALD E. KRAMER, et al., | ) Judge Sharon Johnson Coleman |
| Defendants. | ) |

**MEMORANDUM OPINION & ORDER**

Plaintiff James Melvin, through counsel, filed a three-count second amended complaint under 42 U.S.C. § 1983 against Sheriff Donald E. Kramer, Director James C. Lewis, Wexford Health Sources, Inc., and Aramark Correctional Services, LLC. Count I alleges deliberate indifference to hazardous confinement conditions, Count II asserts a claim under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), and Count III alleges deliberate indifference to serious medical needs. Currently before the Court is Kramer's motion to dismiss Counts I and III pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, the motion is granted.

**Background**

The following facts are taken from the Second Amended Complaint and accepted as true for the purpose of deciding this motion. From February through May 2017, Melvin was a pretrial detainee housed at the Kane County Adult Justice Center (the "KCAJC"). In February 2017, the dietary dishwashing machine at the KCAJC was broken, and as a result, Melvin was served food on dishes that were unsanitary and unclean. On February 28, he experienced severe stomach pains and bowel issues, and a nurse gave him Motrin or Tylenol. He was also told that he was on a list to see a doctor. Melvin continued to complain about his stomach issues for more than a week. During this time some nurses gave him pain pills, but other nurses refused, even after Melvin advised that he

had not yet seen a doctor and was still in pain. On March 10, he saw a doctor who did not physically examine him, failed to provide a diagnosis, and prescribed Pepcid. Melvin took the Pepcid but still felt pain, and told the nurses that he needed something for the pain. Some nurses gave him pain pills, but others refused to do so without a prescription. Melvin again asked to see a doctor. Without seeing a doctor, his medications were doubled, Motrin was added, and a urine test ordered. For weeks, Melvin continued to have stomach problems and asked to see doctors. On April 13, a doctor saw him for a routine physical examination but not for his stomach pain. Melvin filed timely grievances regarding the unsanitary conditions of the dish machine and his medical issues, but his grievances were denied.

**Legal Standard**

A motion to dismiss under Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *See Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). When considering a motion to dismiss, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam); *Trujillo v. Rockledge Furniture LLC*, 926 F.3d 395, 397 (7th Cir. 2019). To survive a motion to dismiss, plaintiff must "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A complaint is facially plausible when plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

**Discussion**

Kramer argues that Counts I and III should be dismissed against him in his individual capacity. He specifically contends that Melvin has not alleged facts that he had any personal involvement in the alleged unconstitutional conditions of confinement or the alleged constitutionally

2

inadequate medical care received at the KCAJC. In accordance with Local Rule 78.3, the Court will decide this motion without the benefit of Melvin's response. L.R. 78.3 ("Failure to file a supporting or answering memorandum shall not be deemed to be a waiver of the motion or a withdrawal of opposition thereto, but the court on its own motion or that of a party may strike the motion or grant the same without further hearing.")

Individual liability under section 1983 "requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017), *cert. denied sub nom. Colbert v. City of Chicago*, 138 S. Ct. 657, 199 L. Ed. 2d 532 (2018) (citation omitted); *see also Rasho v. Elyea*, 856 F.3d 469, 478 (7th Cir. 2017) ("[I]n order to hold an individual defendant liable under [section] 1983 for a violation of an inmate's constitutional rights, the inmate must show that the defendant was personally responsible for that violation."). Additionally, to state a claim for deliberate indifference, a plaintiff must allege facts sufficient to establish that each defendant "acted purposefully, knowingly, or perhaps even recklessly" and that defendant's "conduct was objectively unreasonable." *McCann v. Ogle Cty.*, 909 F.3d 881, 886 (7th Cir. 2018).

Melvin alleges generally that "[d]espite having knowledge of the hazardous conditions that threatened [his] health and safety, Defendants disregarded the risks and took no action to address his numerous complaints and outcries during the relevant time period"; that they "condoned, approved, facilitated, and turned a blind eye to the unconstitutional conduct committed"; and that they "failed to diagnose and treat [his] medical conditions" and "ignored [his] complaints." (Dkt. 34 at 7, 9.) However, Melvin includes no allegations concerning Kramer in the factual background section of his second amended complaint. He also fails to assert any plausible facts that Kramer acted purposefully, knowingly, or recklessly, or that his conduct was objectively unreasonable. There is no *respondeat superior* liability under section 1983, and supervisory liability does not attach automatically based on Kramer's role as sheriff. *See Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir.

3

2008) (*respondeat superior* does not apply to section 1983 claims); *see also Matthews v. City of E. St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012) (in order for a supervisor to be liable, they must be "personally responsible for the deprivation of the constitutional right"; to show personal involvement, the supervisor must "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see"). Although the well-pleaded facts in his second amended complaint are accepted as true, legal conclusions and conclusory allegations merely reciting the elements of his claims are not entitled to this benefit. *Alarm Detection Sys., Inc. v. Vill. of Schaumburg*, 930 F.3d 812, 821 (7th Cir. 2019). Counts I and III are dismissed as to Kramer in his individual capacity.

**Conclusion**

Based on the foregoing, the Court grants Kramer's Rule 12(b)(6) motion to dismiss [38] and dismisses Counts I and III against him with prejudice. Pursuant to Federal Rule of Civil Procedure 25(d), Ron Hain is substituted for Kramer as Kane County Sheriff in his official capacity as to Count II of the second amended complaint.

**IT IS SO ORDERED.**

Date: 10/28/2019

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge

4