IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES MELVIN, | ) |
| Plaintiff, | ) Case No. 17-cv-5943 |
| v. | ) Judge Sharon Johnson Coleman |
| SHERIFF DONALD E. KRAMER, et al., | ) |
| Defendants. | ) |

**MEMORANDUM OPINION & ORDER**

Plaintiff James Melvin, through counsel, filed a three-count second amended complaint under 42 U.S.C. § 1983 against the Sheriff of Kane County Ron Hain in his official capacity,[1] the former director of corrections at Kane County Adult Justice Center ("AJC") James C. Lewis (Kane County defendants), along with Aramark Correctional Services and Wexford Health Sources. Melvin brings claims based on the conditions of his confinement and medical treatment while he was a pretrial detainee at the Kane County ALC in violation of the due process clause of the Fourteenth Amendment. Melvin also brings a claim under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), against the Kane County defendants. Before the Court are defendants' motions for summary judgment under Federal Rule of Civil Procedure 56(a). For the reasons stated below, the Court grants defendants' motions.

**Background**

The relevant time period in this lawsuit is from February 28, 2017 until May 2017 when Melvin was a pretrial detainee housed at the Kane County AJC. At that time, defendant Aramark provided food services and defendant Wexford provided medical services for detainees at the Kane

---

[1] On October 28, 2019, the Court substituted Ron Hain, the Sheriff of Kane County, for the former Sheriff of Kane County, Donald E. Kramer, as a named defendant. *See* Fed.R.Civ.P. 25(d).

County AJC.

In his second amended complaint, Melvin asserts that he became sick from eating off of food trays due to Aramark staff failing to properly wash the food trays and dishes while the dishwasher at the jail's kitchen was inoperable. Melvin contends that during this time period, kitchen workers were using cans and buckets that were not properly sanitized when they washed dishes and trays. The Kane Count AJC's dishwasher was inoperative until April 11, 2017, when a new commercial dishwasher was installed in the jail's kitchen.

According to Melvin, on February 28, 2017 he woke up at 3:00 a.m. sweating with severe stomach pains. Melvin then went to the toilet and had a bowel movement. Two hours later, he was still in pain and had a second bowel movement. At approximately 6:00 a.m. that morning, Melvin spoke to a correctional officer, who told Melvin he would speak to a nurse. Later that morning, a nurse gave Melvin either Motrin or Tylenol for his pain. Melvin asserts that the nurse told him to put in a sick call, which he did the next day, March 1, 2017. Shortly after talking to the nurse on February 28, another nurse told him he was on the list to see the doctor.

During the following week while Melvin was waiting to see the doctor, he complained about his stomach and constant bowel movements. Some nurses provided him pain medication during this time period, while others did not. Melvin saw a doctor on March 10, after which Melvin explained that his symptoms included vomiting, lower abdominal pain, and difficulty urinating. The Wexford doctor diagnosed him with acid reflux and prescribed Pepcid. After March 10, staff provided Melvin with medication for his acid reflux. At some point between March 15 and March 17, the doctor doubled Melvin's Pepcid prescription and gave him Motrin for his pain. Meanwhile, the doctor ordered a urine analysis that came back negative.

On April 1, Melvin complained to a nurse that he had stomach pains, constant bowel movements, and intermittent soreness. Thereafter, Melvin had a physical on April 13, at which time

the doctor noted that he had acid reflux and gastroesophageal reflux disease ("GERD") symptoms. At that time, Melvin reported that the Pepcid reduced the pain. Melvin also told the doctor that his pain level and symptoms had decreased. The doctor further noted that Melvin's abdomen was soft, non-tender, and non-distended. Again, on May 15, the same doctor noted that Melvin's abdomen was soft, non-tender, and non-distended. The doctor prescribed pain medication.

Melvin filed timely grievances regarding the unsanitary conditions of the dishwashing machine and his medical issues, but his grievances were denied.

**Legal Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L.Ed. 2d 202 (1986). When determining whether a genuine issue of material fact exists, the Court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *Id.* at 255; *Hackett v. City of South Bend*, 956 F.3d 504, 507 (7th Cir. 2020). After "a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson*, 477 U.S. at 255 (quotation omitted). In deciding whether the evidentiary record establishes a genuine issue for trial, district courts may disregard affidavits that contradict prior deposition testimony. *See James v. Hale*, 959 F.3d 307, 315-16 (7th Cir. 2020).

**Discussion**

*Medical Care Claim*

Because Melvin was a pretrial detainee during the relevant time period, the Court's analysis is

3

governed by the Fourteenth Amendment's due process clause. *Kingsley v. Hendrickson*, 576 U.S. 389, 396-97, 135 S.Ct. 2466, 192 L.Ed.2d 416 (2015); *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). In relation to his medical care claim based on the Fourteenth Amendment, Melvin must show that defendants "acted purposefully, knowingly, or recklessly when considering the consequences of [their] response to the medical condition at issue in the case," and "the challenged conduct was objectively unreasonable in light of the totality of the relevant facts and circumstances." *James,* 959 F.3d at 318. A showing of negligence or even gross negligence does not fulfill this requirement. *Miranda v. County of Lake*, 900 F.3d 335, 353 (7th Cir. 2018).

To determine Melvin's claim under the objectively unreasonable standard, the Court looks to the seriousness of his medical condition and the treatment he received. *See McCann v. Ogle County*, 909 F.3d 881, 886 (7th Cir. 2018). Construing the evidence and all reasonable inferences in Melvin's favor, he has failed to establish that the medical treatment he received was objectively unreasonable. From his first complaint of severe stomach pains on February 28, 2017 until mid-May 2017, medical staff at Kane County AJC provided consistent treatment, including medication, that resulted in reducing Melvin's acid reflux, pain levels, and symptoms. Medical personnel responded to Melvin's complaints in a timely fashion and ordered a urine test that came back negative. Also, Wexford doctors found Melvin's abdomen was soft, non-tender, and non-distended in both April and May 2017.[2]

Melvin takes issue with his treatment testifying at his deposition that his pain medication and its distribution could have been handled better and that his treatment was inadequate. It is well-settled, however, that medical malpractice or a disagreement with a doctor's medical judgment cannot establish a constitutional violation. *See Eagan v. Dempsey*, 987 F.3d 667, 689 (7th Cir. 2021).

---

[2] At his deposition, Melvin testified that his gastrointestinal problems affected his mental health issues, but there is no evidence in the record that he complained about his mental health issues to jail or medical staff during the relevant time period.

4

Melvin also argues that the delays in his treatment support his constitutional claim.  Melvin's delay argument fails because he has not provided any medical evidence that any such delay caused some harm, which is his burden at this juncture.  *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 964 (7th Cir. 2019).  The Court thus grants defendants' summary judgment motion as to Melvin's medical care claim.

*Conditions of Confinement Claim*

Next, Melvin brings a conditions of confinement claim based on the jail's inoperable dishwasher and the fact that staff failed to properly wash the food trays and dishes and that he got sick because of this.  By way of background, the Fourteenth Amendment's due process clause requires jailers to provide detainees with basic human needs, such as food, clothing, and shelter. *Hardeman v. Curran*, 933 F.3d 816, 825 (7th Cir. 2019).  To establish a conditions of confinement claim under the due process clause, a pretrial detainee must present evidence that defendants purposefully, knowingly, or recklessly created conditions that were objectively unreasonable.  *Id.* at 823. "[O]bjective reasonableness turns on the facts and circumstances of each particular case." *Kingsley*, 576 U.S. at 397.

The Court turns to causation because it is dispositive.  Specifically, Melvin has failed to present evidence raising a triable issue of fact that the manual washing of the dishes and meal trays put his health at risk.  At his deposition, for example, Melvin admitted that he was not sure what caused his stomach pains.  In addition, the medical evidence in the record—viewed in Melvin's favor—does not show that Melvin's stomach problems were related to the improper washing of the jail's dishes.  Likewise, there is no evidence in the record that food was contaminated by the manual washing of dishes in the first instance.  As such, Melvin has failed to establish that the conditions of his confinement were objectively serious enough to amount to a constitutional deprivation.  *See Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015).

5

Because Rule 56(a) "mandates summary judgment" against "a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," *Celotex*, 477 U.S. at 322, the Court grants defendants' summary judgment motion as to Melvin's conditions of confinement claim.

*Monell Claim*

Last, Melvin brings a *Monell* claim against the Kane County defendants. Under *Monell*, Melvin must present evidence raising a triable issue of fact that (1) he suffered a deprivation of a constitutional right, (2) as a result of an express municipal policy, widespread custom, or deliberate act of a decision-maker with final policy-making authority, that was (3) the moving force behind the constitutional deprivation. *First Midwest Bank Guardian of Estate of LaPorta v. City of Chicago*, 988 F.3d 978, 986 (7th Cir. 2021).

Melvin does not address the Kane County defendants' *Monell* arguments in his response brief, nor does he make any arguments in favor of his *Monell* claim. He has thus abandoned this claim. *Citizens for Appropriate Rural Roads v. Foxx*, 815 F.3d 1068, 1078 (7th Cir. 2016). The Court grants this aspect of defendants' summary judgment motion.

**Conclusion**

Based on the foregoing, the Court grants defendants' motions for summary judgment [96, 101]. Civil case terminated.

**IT IS SO ORDERED.**

Date: 7/1/2021

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge